RECEIVED
IN LAKE CHARLES, LA.

JAN - 6 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEONARD BROUSSARD & BERTHA THIBODEAUX** | * | **CIVIL ACTION NO. 2:11-CV-01446** |
| Plaintiffs | * | |
| V. | * | **JUDGE MINALDI** |
| **CHEVRON, U.S.A., ET AL.** | * | |
| Defendants | * | **MAGISTRATE JUDGE KAY** |

*******************************************************************

## MEMORANDUM RULING

Before the court is the defendant's, Chevron U.S.A., Inc. (Chevron), Motion for Summary Judgment on All Remaining Claims [Doc. 150]. The plaintiffs have filed an Opposition [Doc. 162], to which Chevron has timely filed a Reply [Doc. 168]. For the following reasons, Chevron's Motion is hereby **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

The plaintiffs filed suit in state court on June 28, 2011, against Chevron, individually and as successor in interest under the claims of this lawsuit to Getty Oil Company and Tidewater Oil Company, Chevron U.S.A. Holdings, Inc., and Four Star Oil and Gas Company.[1] The plaintiffs initially asserted causes of action for damages under theories of liability under Louisiana Civil Code Articles 667 and 668, trespass, breach of the lease agreement, unjust enrichment, and punitive damages under former article 2315.3 of the Louisiana Civil Code.[2] The dispute herein centered around cleanup costs and damages related to the alleged contamination of the plaintiffs' property resulting from Chevron's oil and gas exploratory activities between 1965 and 1976.[3]

---

[1] Pet. [Doc. 1-2].
[2] Pet. [Doc. 1-2], at ¶¶ 11-17.
[3] Memo. Ruling [Doc. 121], at 3.

1

The property in question was leased to Chevron by the plaintiffs' father, Wallace J. Broussard, in 1962.[4]

Chevron previously filed a Motion for Partial Summary Judgment [Doc. 65]. In finding for Chevron on the Motion, the court denied the plaintiffs' request to apply the doctrine of *contra non valentem*, the application of which would have allowed the plaintiffs' claims for breach of contract to survive Chevron's challenge on the basis of prescription.[5] The court's decision was based primarily on the plaintiffs' father's knowledge of the deaths of several head of cattle on his property which were attributable to the activities of Chevron's predecessors in title.[6]

The plaintiffs thereafter filed a Motion for Reconsideration [Doc. 163] seeking a reversal of the court's prior ruling. The plaintiffs argued therein that the cows in question died from ingesting water that was allegedly contaminated with weed killer.[7] As such, they argued that such knowledge was insufficient to support a finding of constructive knowledge of any contamination on the part of Wallace J. Broussard, thus delaying the commencement of the prescriptive period.[8] The plaintiffs argued that neither Wallace J. Broussard nor the plaintiffs knew, nor could have known, of the accrual of their cause of action until the field investigation conducted by Trinity in 2011.[9] The court, however, disagreed, finding that the record contained evidence of the deaths of heads of cattle that both did, and did not, result from the accidental ingestion of weed killer.[10] In accordance with the Louisiana Supreme Court's holding in *Marin v. Exxon Mobil Corporation*, 48 So. 3d 234 (La. 2010), the court found that Wallace J. Broussard possessed "sufficient information, which, if pursued, [would have led] to the true condition of

---

[4] Lease, executed Nov. 8, 1962 [Doc. 65-2].
[5] Memo. Ruling [Doc. 121], at 6.
[6] *Id.* at 12-15.
[7] Pl.'s Rule 54 Mot. to Reconsider [Doc. 163], at ¶ 10.
[8] *Id.*
[9] Pl.'s Opp. [Doc. 162], at 20.
[10] Memo. Ruling [Doc. 182], at 10.

things."[11] Given that at least some of the deceased calves, according to the evidence presented, were likely killed by drinking contaminated water in and around the pit, and given that Wallace J. Broussard was offered no explanation as to the cause of some of their deaths, the court found that this supported a finding that Wallace J. Broussard possessed constructive knowledge of the alleged contamination such that the application of the doctrine of *contra non valentem* would be inappropriate.[12] As such, the court denied the plaintiffs' Rule 54 Motion to Reconsider.[13]

All claims for punitive damages and unjust enrichment have been previously dismissed with prejudice.[14] The only remaining claims are those under article 667 of the Louisiana Civil Code, and the claim for trespass. It is from this procedural posture that Chevron files the instant Motion seeking summary judgment on the remaining claims.

## LAW & ANALYSIS

A grant of summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009) (citations omitted). "The [c]ourt views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Jenkins v. Cleco Power, L.L.C.*, 487 F.3d 309, 313-14 (5th Cir. 2007) (citations omitted).

Actions under article 667 are tortious in nature, as are actions in trespass, and, as such, they are subject to the one year prescriptive period of actions under article 2315. *LeJeune Bros.*

---

[11] *Id.* (citing *Marin*, 48 So. 3d at 246).
[12] *Id.* at 11-12.
[13] *See* Memo. Ruling [Doc. 182], at 12.
[14] *See* Order [Doc. 94].

*v. Goodrich Petroleum Co., L.L.C.*, 981 So. 2d 23, 35 (La. Ct. App. 2007) (*citing Dean v. Hercules, Inc.*, 328 So. 2d 69, 72 (La. 1976)); *see also Hogg v. Chevron, U.S.A., Inc.*, 45 So. 3d 991, 1002 (La. 2010) (*citing Bennett v. La. Pacific Corp.*, 693 So. 2d 1319, 1321 (La. Ct. App. 1997), *writ denied* 701 So. 2d 199).

Chevron argues that prescription on the trespass claim, as well as the article 667 claim (the remaining claims) commenced to run at the latest in 1976, when operations on the property ceased.[15] The plaintiffs, however, contend that the plaintiffs' claims did not accrue until 2011, when the Trinity investigation informed the plaintiffs of their cause of action; as such, the plaintiffs argue that the doctrine of *contra non valentem* applies to the remaining claims.[16]

As the court has already twice found that Wallace J. Broussard possessed constructive knowledge sufficient to start the running of prescription and preclude the application of the doctrine of *contra non valentem* to the case at bar,[17] the court will refrain from going into great detail only to repeat what has already been said. Put simply, constructive knowledge—the knowledge necessary to commence the running of prescription—has been defined as the "acquisition of sufficient information, which, if pursued, will lead to the true condition of things." *Marin*, 48 So. 3d at 246. As the court noted in its earlier opinion in this matter, "the ultimate issue in determining whether a plaintiff had constructive knowledge . . . is the reasonableness of the plaintiff's action or inaction in light of his education, intelligence, and the nature of the defendant's conduct."[18] In ruling on the plaintiffs' Rule 54 Motion to Reconsider [Doc. 163], the court noted that

> Wallace J. Broussard possessed a working knowledge of farming and the raising of livestock. He was competent enough to deal with the oil companies in settling

---

[15] Memo. in Supp. [Doc. 150-2], at 13.
[16] Pl.'s Opp. [Doc. 162], at 20-33.
[17] *See generally* Docs. 121 & 182.
[18] Memo. Ruling [Doc. 182], at 6 (*citing Marin*, 48 So. 3d at 246).

claims for livestock lost resulting from the defendant's activities on his property. He had sufficient information—or rather, lack of information as to the causes of death of at least some of his calves—as to put him on reasonable notice that further inquiry was needed. Such further inquiry within the prescriptive period would likely have revealed the presence of any contaminants. As such, the court finds that the plaintiffs' request for the application of *contra non valentem* is inappropriate to these facts.[19]

The court sees nothing in the plaintiffs' arguments that would dissuade the court from its previously articulated position. As a result, the court finds that the prescriptive periods for the remaining claims have run, and Chevron is entitled to summary judgment as a matter of law. Accordingly, for the foregoing reasons, as well as the reasons set forth in the court's prior rulings on these matters,[20]

**IT IS ORDERED** that Chevron's Motion for Summary Judgment on All Remaining Claims [Doc. 150] be and hereby is **GRANTED**.

Lake Charles, Louisiana, this ___ day of _____, 201_.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[19] *Id.* at 11-12.
[20] *See* Memo. Ruling [Doc. 121]; *see also* Memo. Ruling [Doc. 182].